**PAPPAS REFRIGERATION COMPANY,**
Appellant,

v.

**Clara PEVETO et al., Appellees.**

**No. 6950.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 15, 1968.

Michael Henry, Houston, for appellant.

Leyton Jenkins, Orange, for appellees.

STEPHENSON, Justice.

This is a venue case. Defendants, James H. Pappas and Pete H. Pappas, filed their plea of privilege to be sued in Harris County, the county of their residence. Plaintiffs filed a controverting affidavit and relied upon subdivision 9a of Article 1995 Vernon's Ann.Civ.St. to maintain venue in Orange County. The plea of privilege was heard and overruled. The parties will be referred to here as they were in the trial court.

According to the petition filed, Clara Peveto, joined by her husband, and Mollie Johnson, joined by her husband, were plaintiffs, and James H. Pappas and Pete H. Pappas, d/b/a Pappas Refrigeration Company, were defendants. It is alleged: that defendant sold an electric Fryolator to Mollie Johnson, which Mollie Johnson sold to Clara Peveto on January 18, 1965 along with a restaurant known as Chicken Villa; that defendant orally agreed to keep the Fryolator in a proper operating state of repair, and had attempted to repair such Fryolator, but on January 18, 1965, the Fryolator caught fire causing the damages complained of; that defendant was negligent in performance of the oral contract; that this was a proper case for the application of the doctrine of res ipsa loquitur; that in the alternative, defendant was guilty of certain acts of negligence which proximately caused the damages complained of.

A plea of privilege was filed on behalf of James H. Pappas and Pete H. Pappas in which it was alleged that each was a resident of Harris County, Texas, and containing the following paragraph:

That James H. Pappas and Pete H. Pappas are not now and never have been in business in Orange County, Texas, the county in which such suit was instituted, at any time material to such suit, as partners, joint adventurers, or sole proprietors under the name of Pappas Refrigeration Company, and neither of said Defendants is liable unto the Plaintiffs in the capacity in which he is sued upon any theory alleged in Plaintiffs' Original Petition.

The controverting affidavit filed alleged: that this was a suit against defendant, Pappas Refrigeration Company; that defendant, Pappas Refrigeration Company, committed an act of negligence in Orange County; that such act was that of defendant in person, or that of his servant, agent or representative, acting within the scope of his employment; that venue as to defendant, Pappas Refrigeration Company, was maintainable by reason of subdivision 9a.

See 9a, Article 1995, V.A.C.S., which reads as follows:

9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission[1] was that of the defendant, in person, or that of his servant, agent or representative

acting within the scope of his employment.

3. That such negligence was a proximate cause of plaintiff's injuries.

One of the points of error raised by defendants is that plaintiffs failed to prove that any act or omission of negligence was committed by defendants or their agent, servant or representative. This point of error must be sustained. Mollie Johnson testified: she bought a Fryolator from Pappas Refrigeration Company. She dealt with someone out of Port Arthur, but bought it in Houston. When it caught fire she called Pappas Refrigeration in Houston and they told her to get in touch with Pappas Refrigeration Company in Port Arthur. They sent a man out to repair it. Clara Peveto testified: the Fryolator came from Pappas Refrigeration Company. Pappas Refrigeration Company came and repaired the Fryolator for Mrs. Johnson. She knew it was Pappas Refrigeration Company because it had "Pappas Refrigeration Company" on the truck they were in. She talked to James Pappas in Houston after the fire, and he told her he was not responsible for it. She didn't remember whether the repair men told her they were from Pappas Refrigeration Company or not. Travis A. Kirby testified: that he was the accountant—Vice-President of Pappas Refrigeration Company; that "Pappas Refrigeration Company" is a corporation, which did not operate any place other than Houston; that there had been a corporation, Pappas Refrigeration Company of Beaumont, which was discontinued in 1961; that they did business in Beaumont after 1961 with a sales office only, which was managed by Robert Jenkins. The service of Pappas' machinery in Beaumont and Orange after 1961 was with a subcontractor. A sales contract was offered in evidence, with the name "Pappas Refrigeration Co." at the top, and showing a sale of a used Super Chef Fryer to Gene T. Johnson, November 19, 1963. Mrs. Mollie Johnson testified on re-direct examination: that she called Mr. Jenkins several times, and he came out himself many times.

The second venue fact which required proof by plaintiff under Sec. 9a was that the act or omission complained of was that of the defendants in person, or that of their servant, agent or representative, acting within the scope of his employment. The two defendants sued in this case were James H. Pappas and Pete H. Pappas as individuals, doing business as Pappas Refrigeration Company. The only mention in the evidence as to either defendant was that Clara Peveto called James Pappas in Houston after the fire and he denied any responsibility. There is no evidence that either defendant did anything in person, and no evidence that anyone acting as their agent, representative or servant was guilty of any act or omission in Orange County which amounted to negligence.

The judgment of the trial court is reversed and the cause is transferred to Harris County.